# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1889 | **DATE** | June 24, 2013 |
| **CASE TITLE** | Henry Barrows (#B-82577) vs. Wendy Olsen-Foxon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $19.39 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to: (1) file the amended complaint [#8]; (2) send a copy of this order to the trust fund officer at the Pontiac Correctional Center; (3) issue summonses for service on Defendants by the U.S. Marshal; and (4) mail Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The status hearing previously scheduled for June 27, 2013, at 9:00 a.m. is vacated. The matter will be re-set for a Rule 16 conference once defense counsel has entered an appearance.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two correctional officers and a medical technician at the Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, Plaintiff alleges that the officers refused access to medical care when he expressed suicidal ideations and asked to speak to a crisis counselor; Plaintiff additionally maintains that he was denied needed medical treatment after he injured himself by setting fire to his ankle.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $19.39. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent

**(CONTINUED)**

mjm

to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint.  Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants.  Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011).  The need for treatment of a mental illness has been recognized in this circuit as a serious medical need.  *See, e.g., Glick v. Walker*, 272 Fed. App'x 514, 519, 2008 WL 896205, *4 (7th Cir. 2008) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)); *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir.1983)).  While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the amended complaint.

The Clerk shall issue summonses forthwith for service of the amended complaint on Defendants.

The United States Marshals Service is appointed to serve Defendants.  Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process.  The U.S. Marshal is directed to make all reasonable efforts to serve Defendants.  If any former correctional employee can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the Court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.  In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants].  Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.